**UTAH STATE ROAD COMMISSION,**
Plaintiff and Appellant,

v.

**Wilburn· D. HELM et al., Defend-·
ants and Respondents.**

No·. 14181.

Supreme Court of Utah.

March 23, 1976.

Vernon B. Romney, Atty. Gen., Stephen C. Ward, Asst. Atty. Gen., Salt Lake City, for plaintiff-appellant.

Jackson Howard, of Howard, Lewis & Petersen, Provo, for Helm and Dambrosi.

W. Robert Wright, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Uinta Oil.

HENRIOD, Chief Justice:

Appeal from a judgment entered on a verdict for defendants in a condemnation case. Affirmed.

The subject property was taken after summons served on April 30, 1974. Everyone conceded that that was the date when compensable value became issuable. All the experts testified as to the value as of that date. Four years before; state agents had indicated to the property owners and the lessee who ran a service station, of a contemplated condemnation to widen the highway. Consequently, the lessee closed the station then, but continued payments under the lease.

The State assigns as Points on Appeal:

■ I. Error in allowing testimony as to why the station was closed, to which contention we see no merit, since it is obvious from the record that closure would be imminent, and hence, such fact was a legitimate item which appraisers rightly could canvass in determining the value as of April 30, 1974, in light of the tenancy period factor.

■ II. Error in allowing introduction of photos of the resulting demolition of the station, which urgence seems of little import with respect to the condemnation date, but was of pertinent interest in calculating the fractional damage inuring to the benefit or detriment of the lessors and the lessee,—who were necessary parties here.

■ III. Error in rejecting evidence of gallonage sold up to the time the station

was closed,—four years before,—which would seem unmeritorious, because the four year term factor of non-business, plus managerial and other matters would appear to have made such evidence remote, leading to conjecture, and irrespective of that,—not of such substantial nature, in light of the pre-eminence of expert testimony presented or presentable by either or both sides, as seriously to justify a conclusion of prejudice justifying reversal.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.